FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 14  PM 4:25

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| VONNIE LEE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-138 |
| ) | |
| SHERIFF AL ST. LAWRENCE, JAIL ) | |
| ADMINISTRATOR McARTHUR ) | |
| HOLMES, UNIT MANAGER LAMB, ) | |
| UNIT SUPERVISOR BRYANT, HUB ) | |
| SUPERVISOR S. WRIGHT, PRISON ) | |
| HEALTH SYSTEM, INC., and ) | |
| CAPTAIN DAVIS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, who has been allowed to proceed *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he has been subjected to unconstitutional conditions of confinement at the Chatham County Sheriff's Complex (or "Jail"). Doc. 1. The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits brought against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous,

malicious, or illegally insufficient. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e (c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment on those convicted of crimes, requires the state to provide humane conditions of confinement for those individuals whom it has taken into its custody.[1] Farmer v. Brennan, 511 U.S. 825, 832 (1994). Therefore, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832 (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)); see Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). The Constitution, however, "'does not mandate comfortable prisons,'" and thus "[p]rison conditions may be 'restrictive and even harsh.'" Farmer, 511 U.S. at 832, 833 (citations omitted). "Inmates cannot

---

[1] It is unclear from the complaint whether plaintiff is a pretrial detainee or a prisoner serving a state sentence. Although the Eighth Amendment's proscription of "cruel and unusual punishments" applies only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. Hamm v. DeKalk County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the Court will look to Eighth Amendment jurisprudence in evaluating plaintiff's prison-conditions claim.

expect the amenities, conveniences and services of a good hotel." <u>Harris v. Fleming</u>, 839 F.2d 1232, 1235 (7th Cir. 1988).

Eighth Amendment claims challenging prison conditions have both an "objective" and "subjective" component. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991); <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004). Where a prisoner's § 1983 claim challenges the conditions of his confinement, the objective component requires the prisoner to prove a "sufficiently serious" deprivation by demonstrating that a "prison official's act or omission has resulted in the denial of 'the minimal civilized measure of life's necessities.'" <u>Farmer</u>, 511 U.S. at 834 (citation omitted). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992); <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993) (noting that the objective factor "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.").

3

The subjective component of the Eighth Amendment analysis requires the prisoner to demonstrate that the defendant prison official acted with a "'sufficiently culpable state of mind.'" Farmer, 511 U.S. at 834 (citation omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id.; Wilson v. Seiter, 501 U.S. at 302-03 (extending the deliberate indifference standard announced in Estelle with respect to claims involving medical care to all prisoner claims challenging the conditions of confinement). Deliberate indifference "describes a state of mind more blameworthy than negligence," but is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Instead, the prisoner must satisfy the recklessness standard recognized under the criminal law:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist, and he must also draw the inference.

4

Id. at 837. As the Eleventh Circuit has noted, "'deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" Chandler, 379 F.3d at 1290 n.21 (quoting Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003)).

In this case plaintiff alleges that he sustained a painful and permanent injury to his hip when he slipped and fell as a result of water on the floor of his cell that had been leaking from a sink for over three months. Even assuming that plaintiff has alleged facts demonstrating that he was confined under conditions posing a substantial risk of serious harm sufficient to satisfy the objective element of an Eighth Amendment claim,[2] plaintiff has failed to allege that any of the named defendants had actual knowledge of the water leak in his cell or recognized that the leak posed a

---

[2] Some courts have concluded that slippery prison floors caused by a water leak in a prisoner's cell do not constitute an "extreme deprivation" required to establish the objective component of an Eighth Amendment claim. Santiago v. Guarine, 2004 WL 213 7822, *2 (E.D. Pa. September 20, 2004) ("slippery prison floors are not objectively serious conditions giving rise to Eighth Amendment protection."); Smith v. Melvin, 1996 WL 467658, at *2 (7th Cir. August 14, 1996) (inmate's allegation of water leaking onto cell floor did not rise to the level of extreme deprivation required to establish an objective violation of the Eighth Amendment); see LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation and quotation omitted).

substantial risk of serious harm to the plaintiff. Thus, plaintiff has failed to allege facts that would satisfy the subjective element of an Eighth Amendment prison-conditions case.

The only defendants specifically referenced in the body of plaintiff's complaint are Al St. Lawrence, the sheriff of Chatham County, and Major Holmes, the jail administrator.[3] Plaintiff, however, does not allege that these defendants had any specific knowledge of the water leak, its duration, or the risk it posed to his safety. While plaintiff does state that he "wrote over 5 request[s] to have something done" about the leaking sink, he does not identify to whom he submitted these requests or indicate that either defendant ever reviewed them. Instead, plaintiff simply alleges that St. Lawrence and Holmes "failed to keep the complex[,] namely my cell[,] in compliance with the state and city code regulations." To satisfy the subjective component of an Eighth Amendment conditions-of-confinement claim, a prisoner must show that a prison official knew of and disregarded an excessive risk to his health or safety. <u>Farmer</u>, 511 U.S. at 837. Absent

---

[3]Plaintiff also names as defendants Captain Davis, Security Director; Lt. Lamb, Unit Manager; Sgt. Bryant, Unit Supervisor; Cpl. Wright, HUB Supervisor; and Prison Health [Services], Inc. But nowhere in the body of his complaint does he even mention any of these individuals. Thus, plaintiff has clearly failed to state a claim as to these defendants.

proof of such deliberate indifference, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement . . . ." Id. Neither the sheriff nor the jail administrator is alleged to have had any knowledge of the water leak in plaintiff's cell, and thus plaintiff has not alleged that these defendants had the requisite state of mind to establish their liability under § 1983.

Nor can these supervisory officials be held liable under § 1983 for the unconstitutional acts of their subordinates under a theory of respondeat superior or vicarious liability. "Supervisory liability under § 1983 occurs only when 'the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.'" Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Such a causal connection may be established where the supervisor devised or implemented some policy or custom that resulted in the violation of an inmate's constitutional rights or where a history of widespread abuse or other information placed the supervisor on notice of the need to take corrective action and he failed

to do so. Id. Here, plaintiff has not alleged that either of these supervisory officials promulgated any policy or tolerated any custom which led to the violation of his constitutional rights or that the official knew that his subordinates were violating plaintiff's rights and failed to stop them. Plaintiff, therefore, is seeking to impose liability on these defendants simply because of their positions as supervisors. This he may not do.

For the foregoing reasons, plaintiff's complaint should be DISMISSED as legally insufficient under 42 U.S.C. § 1915A.

**SO REPORTED AND RECOMMENDED** this _13th_ day of September, 2006.

UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VONNIE LEE THOMAS, ) ) Plaintiff, ) ) v. ) ) SHERIFF AL ST. LAWRENCE, JAIL ) ADMINISTRATOR McARTHUR ) HOLMES, UNIT MANAGER LAMB, ) UNIT SUPERVISOR BRYANT, HUB ) SUPERVISOR S. WRIGHT, PRISON ) HEALTH SYSTEM, INC., and ) CAPTAIN DAVIS, ) ) Defendants. ) | Case No. CV406-138 |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ___ day of _____, 2006.

---

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VONNIE LEE THOMAS,            )<br>                                              )<br>    Plaintiff,                       )<br>                                              )<br>v.                                            )<br>                                              )<br>SHERIFF AL ST. LAWRENCE, JAIL )<br>ADMINISTRATOR McARTHUR    )<br>HOLMES, UNIT MANAGER LAMB, )<br>UNIT SUPERVISOR BRYANT, HUB )<br>SUPERVISOR S. WRIGHT, PRISON )<br>HEALTH SYSTEM, INC., and        )<br>CAPTAIN DAVIS,                    )<br>                                              )<br>    Defendants.                     ) | Case No. CV406-138 |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ___ day of _____, 2006.

_____
**WILLIAM T. MOORE, JR., CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**